UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                          **DECISION AND ORDER**
                                             10-CR-282S

JUSTIN A. CONSTANTINO,

                             Defendant.

On May 11, 2012 Defendant, Justin A. Constantino, filed a motion to clarify sentence pursuant to Rule 60 of the Federal Rules of Civil Procedure.[1] Defendant seeks to correct an alleged clerical error on his entry of judgment, compel the Federal Bureau of Prisons to allow him to participate in a residential drug treatment program, and allow him to serve federal and state sentences concurrently.  In the Government's response to the Defendant's motion, the Government correctly notes that a motion pursuant to Rule 60 is not properly before this Court without a prior habeas proceeding.  See Harris v. United States, 367 F.3d 74, 76 (2d Cir. 2004) (discussing context in which Rule 60 motion may be brought).  Defendant appears to confuse civil and criminal proceedings and erroneously seeks to correct a determination in a civil suit, prior to such a suit having been commenced.

In Adams v. United States, 155 F.3d 582, 584 (2d Cir.1998) (per curiam), the Second Circuit Court of Appeals held that district courts may not, *sua sponte*, convert post-conviction motions, putatively brought under some other provision, into motions pursuant to 28 U.S.C. § 2255, without first giving a petitioner notice and an opportunity to decline the

---

[1]Defendant initially brought his motion under Rule 60(b), but clarifies in his reply memorandum that he also seeks relief under Rule 60(a).

conversion or withdraw the motion.[2]   The Supreme Court adopted this same rule in <u>Castro</u> <u>v. United States</u>, 540 U.S. 375, 124 S.Ct. 786, 157 L. Ed. 2d 778 (2003).

Therefore, this Court is hereby notifying and advising Defendant that it intends to recharacterize his Rule 60 motion to clarify sentence pursuant to 28 U.S.C. § 2255 and that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second" or "successive" motions set forth in 28 U.S.C. § 2255.[3]   If the petition is recharacterized as a motion under § 2255 it will also be subject to the one year period of limitations set forth in § 2255.[4]   The recharacterization or conversion of this petition to a motion under § 2255 will occur unless Defendant notifies this Court in writing

---

[2]Specifically, the Second Circuit stated in <u>Adams</u> that a district court could not recharacterize or convert a putative motion brought pursuant to Fed. R. Crim. P. 12(b)(2) to a motion under § 2255 unless: "(a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." 155 F.3d at 584.

[3]Section 2255 now contains a gate-keeping mechanism which requires a "second" or "successive" § 2255 motion, as defined in § 2244(b), be certified by a panel of the Court of Appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; <u>see also</u> 28 U.S.C. § 2244(b); <u>Adams</u>, 372 F.3d at 135.  If the motion is not so certified, a movant cannot bring a § 2255 motion.

[4]Section 2255 provides that:

"A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

by August 1, 2012 that he either (1) consents to the recharacterization despite the consequences of recharacterization and the period of limitations set forth above or (2) voluntary withdraws the motion instead of having it recharacterized as a § 2255 motion. If Defendant does not advise the Court in writing by August 1, 2012 of either his consent to the recharacterization of his motion or his voluntary withdrawal of his motion, the Court will recharacterize this petition as a motion under § 2255.

Moreover, if Defendant consents to have this petition recharacterized as a motion under § 2255, he must also advise this Court by the same date, August 1, 2012, as to why the recharacterized motion under § 2255 was timely when he filed his motion on May 11, 2012.  See 28 U.S.C. § 2255.


SO ORDERED.

Dated:   June 25, 2012
           Buffalo, New York


/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court